IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KENNETH HARRIS,

Plaintiff,

v.

JOHN BEAN TECHNOLOGIES CORPORATION, a Foreign Profit Corporation,

Defendant.

No.

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, John Bean Technologies Corporation ("Defendant" or "JBT"), by and through the undersigned counsel, gives notice of its removal to the United States District Court for the Middle District of Florida, Orlando Division, of the Complaint filed by Plaintiff, Kenneth Harris ("Plaintiff" or "Harris"), in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida as Case No. 2023-CA-001145-O. As explained further below, this action is subject to the Court's jurisdiction under 28 U.S.C. § 1441, because complete diversity exists and the amount placed in controversy by Plaintiff exceeds $75,000.

**CLAIM ASSERTED AND RELIEF SOUGHT**

1. Plaintiff filed a Complaint in this action on February 8, 2023, in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, captioned *Kenneth Harris v. John Bean Technologies Corporation,* Case No. 2023-CA-

001145-O (the "Complaint"). A copy of the Complaint is attached hereto as Exhibit A.

2. Plaintiff's twenty page Complaint contains five Counts against Defendant for violations of the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760.01, *et seq.*, including: race discrimination (Count I), color discrimination (Count II), national origin discrimination (Count III), retaliation (Count IV), and hostile work environment (Count V).

3. Plaintiff seeks "damages exceeding $50,000, exclusive of attorneys' fees or costs." *See* Exhibit A at ¶ 1. Specifically, Plaintiff seeks an award of back pay and benefits adjustment, compensatory damages, front pay, punitive damages, costs, and attorneys' fees. *Id.* at ¶¶ 56-57.

**THE COURT'S DIVERSITY JURISDICTION**

4. This civil action is removable to federal court. "[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal is appropriate in this case because this Court has original jurisdiction over this action, venue is proper, and Defendant has timely removed the case.

5. This civil action falls under this Court's original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332(a)(1) states, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a)(1).

**COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES**

6. Diversity jurisdiction exists where there is "complete diversity of the parties" and an amount in controversy exceeding $75,000. *Davis v. Cannon Chevrolet-Olds, Inc.*, 182 F.3d 792, 794 (11th Cir. 1999); *see also* 28 U.S.C. § 1332(a). "Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005).

7. "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderhold*, 293 F.3d 1254, 1257 (11th Cir. 2002) (quoting *Hendry v. Masonite Corp.,* 455 F.2d 955, 955 (5th Cir. 1972)). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom...'" *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974), *cert. denied*, 419 U.S. 842, (1974) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). Here, Plaintiff is a citizen of Osceola County, Florida. *See* Exhibit A at ¶ 2.

8. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The "principal place of business" is normally interpreted to be "the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559

U.S. 77, 80 (2010) (the "'principal place of business' refers to the place where the corporation's officers direct, control, and coordinate the corporation's activities…in practice it should normally be the place where the corporation maintains its headquarters…"). Here, Defendant is incorporated in Delaware and its principal place of business is in Chicago, Illinois. *See* Declaration of Noah Popp, Deputy General Counsel and Corporate Secretary at ¶¶ 3-4, attached hereto as Exhibit B.

9. Accordingly, there is complete diversity between Plaintiff and Defendant.

**THE MATTER IN CONTROVERSY EXCEEDS $75,000**

10. Plaintiff's Complaint does not allege a finite amount in controversy. However, without admitting, and expressly denying, the validity of Plaintiff's claims, it is clear on the face of the Complaint that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

11. Where "the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see also* 28 U.S.C. § 1446(b)(2). Importantly, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it…[t]he law does not demand perfect knowledge or depend any less on reasonable inferences and deductions…" *Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). The defendant's allegation concerning the amount in controversy should be accepted for purposes of conferring

jurisdiction on the federal court, unless it is contested by the plaintiff or questioned by the court. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014).

12. Here, Plaintiff asserts that his damages exceed $50,000, "exclusive of fees and costs." *See* Exhibit A at ¶ 1. The potential damages and attorneys' fees available to Plaintiff under the FCRA make clear that the total amount in controversy in this matter is in excess of $75,000.

13. Further, Plaintiff also seeks recovery in the form of back pay from the date of his alleged constructive discharge on June 6, 2022. *See* Exhibit A (Wherefore clauses) at Pgs. 10, 12, 14, 17, and 19. As of his last day of employment on June 6, 2022, Plaintiff's annual salary was $154,577.17. *See* Declaration of Nancy Hutchings, Director of Corporate Human Resources at ¶ 3, attached hereto as Exhibit C. An award of back pay alone through the date of filing this Notice of Removal would itself exceed $75,000.

14. In addition, pursuant to the FCRA, a prevailing plaintiff is entitled to attorneys' fees. *See* Fla. Stat. § 760.11(5). As the FCRA authorizes a plaintiff to recover attorneys' fees, "a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000).

**PROCEDURE FOR REMOVAL**

15. Defendant was served with a copy of Plaintiff's Complaint on April 13, 2023. *See* Verification of Service attached hereto as Exhibit D.

16. Defendant is filing this Notice of Removal within 30 days of the date on which it was served with the Complaint. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

17. Removal to this Court and venue in this Court is proper because the United States District Court for the Middle District of Florida, Orlando Division, is the District Court of the United States for the district embracing Orange County, Florida. *See* 28 U.S.C. § 89(b).

18. A copy of all process, pleadings, and orders which Defendant received in the state court are attached hereto as Exhibit E in accordance with 28 U.S.C. § 1446(a) and Local Rule 1.06 of the United States District Court for the Middle District of Florida.

19. Defendant has provided written notice of the removal to Plaintiff and contemporaneously with this Notice, is filing a Notice of Filing of Notice of Removal of this action with the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida in accordance with 28 U.S.C. § 1446(d).

20. In the event that Plaintiff files a motion or other request to remand, Defendant reserves all rights to submit such additional argument and/or evidence in support of removal as may be necessary or appropriate, including evidence as to the amount in controversy or diversity of citizenship.

WHEREFORE, Defendant respectfully requests that this Court take jurisdiction over this matter for all further proceedings.

Dated this 3rd day of May, 2023.

Respectfully Submitted,

*/s/ SUSAN T. SPRADLEY*

**SUSAN T. SPRADLEY, ESQ.**
**(Lead counsel)**
Florida Bar No.: 0818712
**KATHERINE W. KATZ, ESQ.**
Florida Bar No. 1022526
GRAYROBINSON, P.A.
301 E. Pine Street, Suite 1400
Orlando, FL 32801-3068
Tel: (407) 843 – 8880
Fax: (407) 244 – 5690
**Primary E-mail Addresses:**
susan.spradley@gray-robinson.com
katherine.katz@gray-robinson.com
**Secondary E-mail Address:**
chantal.mccoy@gray-robinson.com

**ELIZABETH N. HALL, ESQ.**
Illinois Bar No.: 6286976
Vedder Price P.C.
222 N. LaSalle Street, Ste. 2400
Chicago, Illinois 60601
Tel: (312) 609-7795
Email: ehall@vedderprice.com
*Pro Hac Vice Motion forthcoming and upon Court approval will serve as Lead counsel.

*Attorneys for Defendant John Bean Technologies Corporation*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 3, 2023, a true and correct copy of the foregoing has been filed by CM/ECF electronic filing to the Clerk of Court, and I also certify that the foregoing document was provided by email to the following:

Corey L. Seldin, Esq.
FL Bar No: 1026565
cseldin@rgpattorneys.com
Peter M. Hoogerwoerd, Esq.
FL Bar No: 08188239
pmh@rgpattorneys.com
Remer, Georges-Pierre & Hoogerwoerd, PLLC
2754 Ponce De Leon Blvd
Coral Gables, FL 33134

***/s/ SUSAN T. SPRADLEY***
SUSAN T. SPRADLEY, ESQ.
Florida Bar No.: 0818712
GRAYROBINSON, P.A.
301 E. Pine Street, Suite 1400
Orlando, FL 32801-3068
Tel: (407) 843 – 8880
Fax: (407) 244 – 5690
Primary E-mail Addresses:
susan.spradley@gray-robinson.com

*Attorneys for Defendant John Bean Technologies Corporation*